**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Rakish Jenkins, | ) | C/A No. 2:21-CV-00109-MBS-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **AND ORDER** |
| | ) | |
| Lieutenant Tahirah Thomas, Captain Michael Rasar, Nurse Geri Gillespie, | ) ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants failed to protect him from an assault by another detainee at the Barnwell County Detention Center. (Dkt. No. 1.) On May 19, 2021, Defendants Michael Rasar and Tahirah Thomas filed a Motion for Summary Judgment (Dkt. No. 19), and on May 28, 2021, Defendant Geri Gillespie filed a Motion for Summary Judgment (Dkt. No. 22). On May 20, 2021, and June 1, 2021, this Court issued Orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motions. (Dkt. Nos. 20; 23.) On June 21, 2021, the June 1, 2021 Roseboro Order was returned as undeliverable. (Dkt. No. 25.)

The Court then located Plaintiff on the SCDC Inmate Locator website and learned he has been incarcerated at Ridgeland Correctional Institution since May 25, 2021. However, Plaintiff failed to file a change of address notice. On June 22, 2021, the Court sent an Amended Roseboro Order to Plaintiff's current address. (Dkt. No. 26.) The Court advised Plaintiff to always keep the Clerk of Court advised in writing of his address changes, so as to assure that orders or other matters

1

that specify deadlines for Plaintiff to meet will be received by him.[1] (*Id.*) The Court ordered Defendants to reserve their respective dispositive motions on Plaintiff by June 29, 2021 and to file certificates of service by that date indicating service had been completed. (*Id.*) Per the Amended Roseboro Order, Plaintiff's responses to the pending dispositive motions were due by July 26, 2021. Plaintiff still failed to respond.

On June 22, 2021, Defendant Gillespie filed a certificate of service, certifying that he served his dispositive motion on Plaintiff at Ridgeland Correctional Institution that same day. (Dkt. No. 28.) On August 2, 2021, Defendants Rasar and Thomas filed a certificate of service, certifying that they served their dispositive motions on Plaintiff at Ridgeland Correctional Institution on August 2, 2021. (Dkt. No. 30.) Because of the late re-service of their motion by Defendants Rasar and Thomas, the Court issued an Order extending the deadline for Plaintiff to file responses to both dispositive motions by August 31, 2021. (Dkt. No. 34.) The Court also instructed the Clerk of Court to mail Plaintiff another change of address form. (*Id.*) Plaintiff still failed to file any response or submit a change of address form.

Based on Plaintiff's failure to respond, the undersigned issued a Report and Recommendation ("R&R") on September 7, 2021, recommending this case be dismissed for prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. No. 37.) However, that R&R was inadvertently mailed to Plaintiff's original address at Barnwell County Detention Center. (Dkt. No. 38.) Accordingly, because it appears Plaintiff did not receive notice of the recommended dismissal, the undersigned VACATES the September 7, 2021 R&R.

IT IS SO ORDERED.

---

[1] In an Order issued January 28, 2021, Plaintiff was expressly instructed to notify the Court of his address changes, in writing. (Dkt. No. 7 at 3.)

2

However, other than that R&R, the record shows Plaintiff has received the Court's prior filings in this case regarding his deadline to respond to the pending dispositive motions. (*See* Dkt. Nos. 26; 27; 34; 35.) Plaintiff has still failed to file any response or submit a change of address form. Accordingly, it appears Plaintiff no longer wishes to pursue this action. It is therefore recommended that this action be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

IT IS SO RECOMMENDED.

September 27, 2021
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).