IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Rakish Jenkins, | ) | |
| | ) | C/A No. 2:21-cv-00109-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Lieutenant Tahirah Thomas, | ) | |
| Captain Michael Rasar, and | ) | |
| Nurse Geri Gillespie, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Rakish Jenkins is proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 asserting constitutional violations stemming from an incident that occurred when he was as a pretrial detainee in custody at Barnwell County Detention Center. Plaintiff alleges that Defendants failed to protect him from an assault by another detainee and failed to provide adequate medical care to his injuries caused by the assault. Plaintiff further alleges Defendants placed him in lock up without cause. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge has now issued a Report and Recommendation ("Report") that the court dismiss this matter with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. ECF No. 41.

Defendants Tahira Thomas, Michael Rasar, and Geri Gillespie filed answers to the complaint on February 25, 2021. ECF Nos. 13, 14. On May 19, 2021, Defendants Thomas and Rasar filed a motion for summary judgment, ECF No. 19, and on May 28, 2021, Defendant Gillespie filed a motion for summary judgment, ECF No. 22. In accordance with *Roseboro v.*

*Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued orders advising Plaintiff of the dismissal procedure and the possible consequences of failing to timely respond to the motions for summary judgment.  ECF Nos. 20, 23.  The *Roseboro* orders were mailed to Barnwell County Detention Center and were returned to the court as undeliverable, which prompted the Magistrate Judge's staff to search the South Carolina Department of Correction's website for information on Plaintiff's current location.  A review of that website reflects that on May 25, 2021, Plaintiff was transported to Ridgeland Correctional Institution ("Ridgeland"), where he has remained.  *See* https://public.doc.state.sc.us/scdc-public/ (last visited October 20, 2021).  On June 22, 2021, the Magistrate Judge issued an amended *Roseboro* order that directed Defendants to serve their motions for summary judgment on Plaintiff at Ridgeland and to file the respective certificates of service with the court.  *See* ECF Nos. 26, 27.  The amended *Roseboro* order additionally reminded Plaintiff of his obligation to inform the court of his change of address.  The order was mailed to Plaintiff and was not returned to the court.  Defendant Gillespie filed her certificate of service on June 22, 2021, ECF No. 28, and Defendants Thomas and Rasar filed their certificate of service on August 2, 2021, ECF No. 30.  On August 3, 2021, the Magistrate Judge sua sponte issued an order extending Plaintiff's response deadline to the motions to August 31, 2021 and advising him that his claims were subject to dismissal for failure to prosecute should he fail to so respond.  ECF No. 34.  The order was mailed to Plaintiff at the Ridgeland address and was not returned to the court.  ECF No. 35.  To date, Plaintiff has not responded to the motions for summary judgment and he has not submitted a change of address form.

    On this record the Magistrate Judge issued a Report recommending dismissal with prejudice under Rule 41 for failure to prosecute and failure to comply with the court's orders.

Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Plaintiff of his right to file an objection to the Report. ECF No. 41 at 4. Plaintiff did not file an objection and the deadline for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court has reviewed the record and concurs in the Magistrate Judge's recommendation. The Report and Recommendation, ECF No. 41, is incorporated herein by reference and the action is dismissed with prejudice.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

October 21, 2021
Charleston, South Carolina